UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

IN RE:

**DAVID C. O'CONNOR, Jr.,
CATHERINE NMI O'CONNOR**

Debtors

Bankruptcy No. 16-10297
(Chapter 7)

**APPLICATION FOR
COMPENSATION AS ATTORNEYS
FOR TRUSTEE**

The application of Mullen Holland & Cooper P.A., Attorneys at Law (the "Applicant"), respectfully presents:

1. That on August 31, 2016 your applicant was appointed counsel for Langdon M. Cooper, Trustee (the "Trustee"), and thereafter performed certain services for the Trustee and the bankruptcy estate of the Debtors.

## **FEE APPLICATION**

2. Pursuant to Bankruptcy Rule 2016 and Section 504 of the United States Bankruptcy Code (the "Code") Applicant states that no payments for any services rendered or to be rendered, or for reimbursement of expenses, have heretofore been made or promised in connection with this case, and other than the law firm's private agreement for sharing compensation among members of the firm, the details of which need not be disclosed, no agreement or understanding exists between your applicant and any other person for the sharing of compensation received or to be received for services rendered in or in connection with this case.

3. Annexed hereto as Exhibit "A" is a detailed statement showing the amount and nature of the services which Applicant has rendered to this estate, and for payment of these services your applicant respectfully requests that the sum of $1,367.50 as compensation for attorneys and paralegals pursuant to Section 330 of the Code.

4. Annexed hereto as Exhibit "B" is a list of professionals and paraprofessionals employed by Applicant, their applicable hourly rates and the number of hours each spent on the file.

## LEGAL STANDARDS

5. This application is submitted under the standards set forth in a number of decisions of the United States Supreme Court and the Fourth Circuit Court of Appeals: Hensley v. Eckerhart, 461 U.S. 424 (1983); Blum v. Stenson, 465 U.S. 886 (1984); Pennsylvania v. Delaware Valley Cit. Council, 107 S.C. 3078 (1987); Lilly v. Harris-Teeter Supermarket, 842 F.2d 1496 (4th Cir. 1988); Daly v. Hill, 790 F.2d 1071 (4th Cir. 1986); and Barber v. Kimbrell's, Inc., 577 F.2d 216, cert. denied, 439 U.S. 934 (1978), which adopted the standards of Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Under the rule of Barber, these standards include the time and labor expended; the novelty and difficulty of the questions raised; the skill required to perform the legal services rendered; the attorney's opportunity costs in handling the case; the customary fee for like work; the attorney's expectations at the outset of the case; the time limitations imposed by the client or circumstances; the amount in controversy and the results obtained; the experience, reputation and ability of the attorney; the undesirability of the case within the legal community in which the case arose, the nature

and length of the professional relationship between attorney and client; and attorneys' fees in similar cases.

6. In Hensley, supra, the Court articulated a method for examining the attorney's requested fee:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. this calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

"When the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee..." Blum v. Stenson, 465 U.S. at 897.

7. In Daly, supra, the Fourth Circuit suggested that most Johnson factors are appropriately considered in initially determining the lodestar figure, not in adjusting that figure upward. According to the Court, "the critical inquiry in determining reasonableness [of a fee award] is now generally recognized as the appropriate hourly rate."... If the hourly rate is properly calculated, "the 'product of reasonable hours times [the] reasonable rate' normally provides a 'reasonable' attorney's fee..." Daly v. Hall, 790 F.2d at 1077. Under Blum the critical focus in calculating a reasonable attorney's fee is in determining the lodestar figure. A fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall. In "exceptional circumstances," this presumptively fair lodestar figure may be adjusted to account for results obtained and the quality of representation. Daly v. Hall, supra.

8.  Under the standards set forth in these cases, the reasonable value of the services rendered by Applicant is as set forth on Exhibit "A".

**WHEREFORE**, applicant prays that it be allowed and paid $1,367.50 in fees for this current period, and that all prior interim fee and expense approvals be ratified and confirmed.

*/s/  Langdon M. Cooper*
Langdon M. Cooper
N.C. State Bar No. 936

MULLEN HOLLAND & COOPER P.A.
Attorneys for Trustee
P. O. Box 488
Gastonia, NC  28053-0488
Telephone:  704-864-6751
Fax: 704-861-8394
E-mail:  lcooper@mhc-law.com

# EXHIBIT A

Case 16-10297   Doc 39   Filed 10/10/19   Entered 10/10/19 14:49:48   Desc Main
Document      Page 5 of 11

# EXHIBIT A

Mullen Holland & Cooper P.A.

301 S. York St., PO 488

Gastonia, NC 28053-0488

Langdon M. Cooper, Trustee
P.O. Box 488
Gastonia NC 28053-0488

RE: O'Connor, Jr., David C.& Catherine (Ref - 16-10297) LMC, Trustee in Bankruptcy

As of Date        08/06/2019

Fee Arrangement =Hourly

PROFESSIONAL SERVICES RENDERED

**REGULAR ACCOUNT ACTIVITY**

**SERVICES RENDERED**

| DATE | TKPR | ACTY | LIT | DESCRIPTION OF SERVICES RENDERED | RATE | HOURS | AMOUNT |
|---|---|---|---|---|---|---|---|
| 08/22/2016 | 02 KGK | BT | | rec/rev motion for stay relief and verify accuracy of legal description: Stone Mtn, GA prop | 225.00 | .20 | 45.00 |
| 08/22/2016 | 02 KGK | TT | | print full petition & print notice and calendar to complete case review | 0.00 | .20 | |
| 08/23/2016 | 02 KGK | BT | | rec/rev motion for stay relief; verify accuracy of legal description: Clarkston, GA prop | 225.00 | .20 | 45.00 |
| 11/07/2016 | 02 KGK | TT | | review IRA documents | 0.00 | .50 | |
| 11/08/2016 | 02 LMC | BT | | draft/revise objection to Debtors' claims of exemptions | 550.00 | .50 | 275.00 |
| 11/28/2016 | 02 LMC | BT | | work on consent order with B. Pitts; emails regarding same | 550.00 | .30 | 165.00 |
| 02/20/2017 | 02 KGK | BT | | research into IRA issues and possible improper transfers of funds | 225.00 | 2.50 | 562.50 |
| 08/07/2019 | 02 LMC | BT | | review of docket, case notes; draft/revise final fee app and trustee's final report | 550.00 | .50 | 275.00 |

O'Connor  
Case 16-10297

Page#:   2

**TIMEKEEPER SUMMARY:**

| | | | | |
|---|---|---|---|---|
| KGK | - Karen G. Kelley, Paralegal | .70 HRS @ $ | 0.00 /HR = | 0.00 |
| KGK | - Karen G. Kelley, Paralegal | 2.90 HRS @ $ | 225.00 /HR = | 652.50 |
| LMC | - Langdon M. Cooper, Partner | 1.30 HRS @ $ | 550.00 /HR = | 715.00 |
| | **Totals** | 4.90 | | $1,367.50 |

# EXHIBIT B

### PROFESSIONALS/PARAPROFESSIONALS INCLUDED
### IN THIS APPLICATION

| NAME | TITLE | HOURLY RATE | HOURS |
|---|---|---|---|
| Langdon M. Cooper | Attorney | $550 | 1.30 |
| Karen G. Kelley | Paralegal | $225 | 2.90 |

### CURRICULA VITAE
for professionals and paraprofessionals
employed by Mullen Holland & Cooper P.A.
as shown on the attached sheets

## CURRICULA VITAE of MULLEN HOLLAND & COOPER P. A.
### Gastonia, North Carolina

**Langdon M. Cooper** graduated from Duke University in 1964 with a B.A. degree. Mr. Cooper subsequently attended the law school at the University of North Carolina at Chapel Hill and graduated in 1969 with a J.D. degree and was admitted to the bar that same year. Mr. Cooper has been employed by the law firm of Mullen Holland & Cooper since 1969, and is currently the Managing Director and its Chairman and Treasurer. Both Mr. Cooper and his law firm are rated "A-V Preeminent" by Martindale-Hubbell. Mr. Cooper practices primarily in the area of bankruptcy litigation, debtors' and creditors' rights, workouts, and corporate and commercial law, and he has appeared in the federal and bankruptcy courts in North Carolina, New York, Pennsylvania, South Carolina, Tennessee and Virginia. He appeared in the United States Supreme Court in December, 1992. His practice is divided between representation of debtors and creditors. Mr. Cooper is a member of the American Bar Association, the North Carolina State Bar, the Gaston County Bar Association and North Carolina Bar Association. Mr. Cooper was a member of the Board of Governors of the North Carolina Bar Association from 1985 to 1988. Mr. Cooper is a member of the U.S. Panel of Debtors for the United States Bankruptcy Court for the Western District of North Carolina, the American Bankruptcy Institute, the National Association of Bankruptcy Debtors and serves as a bankruptcy lecturer in the continuing legal education program of the North Carolina Bar Association. He is certified by the North Carolina State Bar Board of Legal Specialization as a Board Certified Specialist in Bankruptcy Law. He is also certified by the American Board of Certification as a board certified specialist in both Business and Consumer Bankruptcy Law. He is also a member of the Council of Certified Bankruptcy Specialists of the American Bankruptcy Institute.

His publications include *Workout Strategies for the Financially Troubled Small Business,* N.C. Bar Association C.L.E. 1988. He co-authored "Bankruptcy and Taxes," Thirteenth Annual J. Nelson Young Tax Institute, 1994; "Bankruptcy and Taxes," 10 Tax Management Real Estate Law Journal (October 5, 1994); "Using Bankruptcy to Resolve Tax Liabilities Successfully," Mecklenburg County Bar Continuing Education (October 28, 1994); "Crossing the Mine Field: Managing the Bankruptcy Case with Tax Liabilities," N.C. Bar Foundation 17th Annual Bankruptcy Institute (1994); "Help is Available for the Insolvent Taxpayer," South Carolina Lawyer (March/April 1995); "Property of the Estate – Selected Consumer Issues," N.C. Bar Foundation 19th Annual Bankruptcy Institute (1996); "Refinancing Businesses and Investments with Bankruptcy," Management Accounting (February 1997); "Bankruptcy: A 'Refinancing' Alternative for Tax Troubled Businesses and Investments", Business North Carolina 1997 Law Journal; "Dealing With Debtors," National Association of Bankruptcy Debtors, Charleston (April 1998); "Hot Chapter 7 Debtor Issues," N.C. Bar Foundation, 22nd Annual Bankruptcy Institute (1999); and "Selected Chapter 7 Issues," N.C. Bar Foundation, 24th Annual Bankruptcy Institute (2001); "Update of the Interrelationship of Domestic and Bankruptcy Law", Mecklenburg County Bar Continuing Education (January, 2003, Park City, Utah); "Financing Alternatives for Chapter 11 Debtors and the Implications of Each Alternative," NC Bar Foundation, 26th Annual Bankruptcy Institute (November 2003); and "Tenancy by the Entirety after Craft," NC Bar Foundation, 27th Annual Bankruptcy Institute (November 2004).

Mr. Cooper has been selected by *Charlotte Magazine and North Carolina Law & Politics* for inclusion as a North Carolina Super Lawyer every year since 2006. Inclusion in Super Lawyers is the result of a rigorous selection process evaluating quality in the most objective possible terms and verifying an validating all data obtained about each lawyer. This multi-step evaluation incorporates peer recognition as well. Super Lawyers comprise only the top 5% of North Carolina lawyers. In 2009 and 2010 Mr. Cooper was designated among the Top 100 lawyers of all legal specialties in North Carolina by *Charlotte Magazine and North Carolina Law & Politics.* Mr. Cooper has also been selected by the North Carolina Business Journal every year from 2005 through 2010 and again in 2013 as among the Legal Elite in a process involving balloting by more than 19,000 active members of the North Carolina State Bar. Lawyers selected for inclusion in the Legal Elite represent a little more than 3% of North Carolina lawyers. Mr. Cooper was also selected by *U. S. News & World Report* every year since 2011, for inclusion in *Best Lawyers in America* and every year since 2012 in Marquis' *Who's Who in America*.

**Karen Garrett Kelley** attended Wake Forest University and the University of South Carolina and graduated from the University of South Carolina with honors in 1978 with a B.A. degree in English. Ms. Kelley subsequently attended the National Center for Paralegal Training in Atlanta, Georgia from which she graduated with honors in September 1985. While at the National Center Ms. Kelley specialized in civil litigation. Since December 1985 Ms. Kelley has been employed as a legal assistant with Mullen Holland & Cooper P.A. where she has worked primarily in the bankruptcy area with special emphasis on bankruptcy litigation and legal research.

# CERTIFICATE OF SERVICE

**CERTIFIED** that a copy of the **Application for Compensation as Attorneys for Trustee** was electronically served by the Court to:

Shelley K. Abel
U.S. Bankruptcy Administrator
*(via electronic notification)*

                                            */s/ Langdon M. Cooper*
                                            Langdon M. Cooper
                                            N.C. State Bar No. 936

                                            MULLEN HOLLAND & COOPER P.A.
                                            Attorneys for Trustee
                                            301 South York Street
                                            P.O. Box 488
                                            Gastonia, NC  28053-0488
                                            Telephone: 704-864-6751
                                            Fax:  704-861-8394
                                            e-mail: lcooper@mhc-law.com